**In re Samuel C. RATMANSKY, Debtor.**

**Samuel C. RATMANSKY, Plaintiff,**

v.

**Bernice GORDON, Defendant.**

**Bankruptcy No. 78–1368EG.**

United States Bankruptcy Court,
E. D. Pennsylvania.

Jan. 21, 1980.

Jack K. Miller, The Bankruptcy Clinic, Philadelphia, Pa., for debtor/plaintiff.

Jeanne P. Wrobleski, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for defendant.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

█ In this case we must decide whether the transfer of a judgment from a federal court to a state court which has the effect of creating a lien upon the debtor's real property violates the automatic stay provision of Bankruptcy Rule 13–401. We hold that it does.

The facts of this case are not in dispute.[1] On January 16, 1978, the defendant, Bernice Gordon, obtained a judgment against the debtor in the United States District Court for the Eastern District of Pennsylvania. On September 19, 1978, the debtor filed a petition under Chapter XIII of the Bankruptcy Act and, one month later, on October 19, 1978, the defendant transferred her judgment to the Common Pleas Court of Montgomery County, Pennsylvania, pursuant to Rule 3002 of the Pennsylvania Rules of Civil Procedure. As a result, the defendant obtained a lien on the debtor's residence located in that county. 12 Pa.Stat. § 878 (1947). The issue before us springs from a complaint, filed by the debtor to have the judgment stricken and to have the lien of that judgment declared null and void.

Rule 13–401(a) of the Rules of Bankruptcy Procedure provides that:

A petition filed under Rule 13–103 or Rule 13–104 shall operate as a stay of the commencement or continuation of any action against the debtor; or the enforcement of any judgment against him, or of any act or the commencement or continuation of any court proceeding to enforce any lien against his property, or of any court proceeding for the purpose of rehabilitation of the debtor or the liquidation of his estate.

The defendant contends that the term "enforcement" in the context of this rule is a term of art which is synonymous with the issuance of a writ of execution. The crux of her argument is that since Rules 3103–

3149 of the Pennsylvania Rules of Civil Procedure, which deal with the enforcement of money judgments, do not include transfers of judgments, such a transfer should not be considered as the enforcement of a judgment prohibited by Rule 13–401. We find this argument unpersuasive.

The Advisory Committee's Note following Rule 13–401 states:

This rule supplements and reinforces the policy of §§ 2a(15), 11a, 14f(2), 17c(4), 611 and 614 of the Act. Section 11a provides in terms for a mandatory stay until adjudication or dismissal of the petition of all actions founded on dischargeable claims which are pending against the debtor when the petition is filed. This statutory provision has been further held to authorize stay of the enforcement by levy of execution or otherwise of a judgment on a dischargeable debt. 1 Collier ¶ 11.03.

█ The phrase, "stay of the enforcement by levy of execution or otherwise," clearly contemplates possible enforcement by means other than by levy of execution. Hence, the Rule proscribes any act by a creditor which has the effect of improving that creditor's position after the filing of the petition under Chapter XIII.

We think it obvious that the transfer of the defendant's judgment from the federal court to the Court of Common Pleas of Montgomery County was a violation of the automatic stay provided by Bankruptcy Rule 13–401, since a post-petition lien was thereby created, pursuant to 12 Pa.Stat. § 878, on the debtor's real property located in that county. We will declare that lien to be null and void.

█ While the debtor has also moved that we award a fee and costs to his counsel, he cites no authority to support his motion and we know of none. To the contrary, the so-called "American Rule" holds that, absent bad faith on the part of the defendant and barring statutory authority,

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

no such award should be made: *Ayleska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141. Since we find no bad faith on the part of the defendant and since, admittedly, no statutory authority for the award of counsel fees and costs is contained in the Bankruptcy Act, the debtor's motion will be denied.