In re John Edward McGOWAN and Elizabeth Marie McGowan, Debtors.

JAY VENDING, INC., Plaintiff,

v.

John E. McGOWAN and Elizabeth M. McGowan

and

Margaret Graham, Trustee, Defendants.

Bankruptcy No. 80–00252G.

Adv. No. 80–0178G.

United States Bankruptcy Court, E. D. Pennsylvania.

Sept. 25, 1980.

Cohen, Pincus, Verlin, Hahn, Reich & Sherzer, Philadelphia, Pa., for plaintiff Jay Vending, Inc.

Jack K. Miller, The Bankruptcy Clinic, Inc., Philadelphia, Pa., for debtors John Edward McGowan and Elizabeth Marie McGowan.

Margaret Graham, Philadelphia, Pa., Trustee.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue before us is whether a secured creditor is entitled to relief from the automatic stay in order to foreclose on the residence of the Chapter 13 debtors. We conclude that the secured creditor is not entitled to relief from the automatic stay because (1) the debtors have equity in the property, (2) the property is necessary to an effective Chapter 13 plan here, and (3) the debtors have offered to provide the secured creditor with adequate protection of its interest in the property.

The facts of the instant case are as follows:[1] In March, 1975, John and Elizabeth McGowan (the debtors) borrowed $36,250 from Continental Bank. The note was cosigned by Jay Vending, Inc. (Jay). The money borrowed was used by the debtors to open a bar, and the loan was secured by a mortgage on the bar property and on the debtors' residence, as well as by a security interest in the bar's liquor license. In November, 1976, the loan was refinanced, again with Jay as cosigner, in the amount of $34,769.15.

Beginning in January, 1978, the debtors failed to make the monthly payments due on the loan of approximately $548 per

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

month, whereupon Jay paid off the balance of the money owed to Continental Bank in December, 1978, and took an assignment of the mortgage.[2] In April, 1979, foreclosure proceedings were begun by Jay on the mortgage of the residential property owned by the debtors.[3] A complaint and confession of judgment were filed in April, judgment was entered in May, and a writ of execution thereon was then filed. The debtors immediately filed a petition under Chapter XIII of the Bankruptcy Act. That petition was subsequently voluntarily dismissed and a new petition was filed under Chapter 13 of the Bankruptcy Code.[4]

Jay subsequently filed a complaint (and an amended complaint) seeking relief from the automatic stay so that it might proceed with its foreclosure action against the debtors' residence. The debtors filed an answer and counterclaim seeking attorney's fees.

The debtors' Chapter 13 plan provides for payments by them of $250 per month, of which $150 per month will go to Jay. Jay has filed a proof of claim of approximately $32,000. The parties have agreed that the value of the debtors' residence is presently $22,000 while the value of the liquor license is $10,000 and the value of the bar property is $2,000. The parties have further agreed that if Elizabeth McGowan were to testify she would testify that the debtors will not remain in Chapter 13 if Jay is permitted to proceed with foreclosure.

The only issue presented is whether the secured creditor, Jay, should be granted relief from the automatic stay so that it may proceed to foreclose on the mortgage it holds on the debtors' residence. Section 362 contains the automatic stay provisions of the Code, and subsection (d) of that section provides that the court shall grant relief from the automatic stay:

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.[5]

In the instant case we conclude that relief from the automatic stay cannot be granted under either subsection (d)(1) or (d)(2) of section 362. Under subsection (d)(2) the evidence must establish that the debtors have no equity in the property and that the property is not necessary for an effective reorganization in order to justify relief from the stay. We find that neither element is present here. The parties have stipulated that Jay's claim is for $32,000. That claim is secured by two other properties, which are not subject to the automatic stay and which total $12,000 in value, in addition to the property at issue here. No reason has been shown why Jay has not first proceeded against those other two properties. Because the debtors should not be penalized for the failure of Jay to proceed first against the other two properties, we conclude that Jay's claim should be reduced by the value of the other two properties to determine whether the debtors have any equity in their residence. Consequently, Jay's claim becomes $20,000 ($32,000–$12,000). Comparing that with the $22,000 value of the debtors' residence, it is evident that the debtors do have equity in their residence.

Further, we conclude that the debtors' residence is necessary for an effective reorganization of the debtors' affairs under Chapter 13. This is based on the agreement of the parties that, if Elizabeth McGowan

2. Although, at the trial of this case, only an assignment of the residential mortgage was offered into evidence (since the residence is owned by the debtors while the bar and liquor license are owned by a corporation), it appears that Jay also obtained an assignment of the mortgage on the bar property and the security interest in the liquor license.

3. It does not appear that Jay foreclosed on the other mortgage or on the security interest.

4. The Bankruptcy Code superseded the Bankruptcy Act as of October 1, 1979. The Bankruptcy Reform Act of 1978, Pub.L.No.95–598, 92 Stat. 2683 (1978).

5. 11 U.S.C. § 362(d).

were to testify, she would state that the debtors would not remain in a Chapter 13 plan if the automatic stay was modified to permit Jay to foreclose.

Under subsection 362(d)(1) the issue is whether cause has been shown for granting relief from the stay. Cause includes, but is not limited to, a showing that the secured creditor does not have adequate protection for his interest. Section 361 of the Code states:

> When adequate protection is required under section 362 . . . of an interest of an entity in property, such adequate protection may be provided by—
>
> (1) requiring the trustee to make periodic cash payments to such entity, to the extent that the stay under section 362 of this title . . . results in a decrease in the value of such entity's interest in such property.[6]

In the instant case we conclude that the secured creditor, Jay, does have adequate protection of its interest in the property at the present time in that there is an equity cushion of $2,000 in the property. *See In re Rogers Development Corporation*, 2 B.R. 679 (Bkrtcy.E.D.Va.1980); *In re Pitts*, 2 B.R. 476 (Bkrtcy.C.D.Cal.1979). Further, since the debtors' plan proposes to pay Jay enough per month to cover the interest on its $20,000 claim, we find that such periodic payments are enough to cover any decrease in the interest of Jay which would be caused by the continuance of the automatic stay.

Consequently, we conclude that no grounds have been submitted for granting the relief from the automatic stay which is sought by Jay.

Nor do we find that there is any reason to award counsel fees to the debtors' attorneys as sought in the debtors' counterclaim. As we noted in *In re Ratmansky*, 2 B.R. 527 (Bkrtcy.E.D.Pa.1980), the "American rule" holds that no award of attorney's fees should be made in the absence of a statute granting it and in the absence of bad faith on the part of the other side. No

statutory authority is suggested authorizing attorney's fees under the facts in the case *sub judice* and no proof has been offered that Jay has acted in bad faith in requesting relief from the automatic stay. Consequently, we will deny the debtors' request for attorney's fees.