**In re John Edward McGOWAN and Elizabeth Marie McGowan, Debtors.**

**Bankruptcy No. 80–00252G.**

United States Bankruptcy Court, E. D. Pennsylvania.

Feb. 26, 1981.

Mitchell W. Miller, Philadelphia, Pa., for the debtors, John Edward McGowan and Elizabeth Marie McGowan.

Joseph S. U. Bodoff, Cohen, Pincus, Verlin, Hahn, Reich & Sherzer, Philadelphia, Pa., for objecting creditor Jay Vending, Inc.

Margaret Graham, Philadelphia, Pa., Trustee.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The narrow issue before us is the feasibility of the debtor's chapter 13 plan. Since the debtors have failed to convince us that they will be able to obtain the refinancing to fund their plan, we conclude that the plan is not feasible and we will deny confirmation. ·

The facts of the case at bench are as follows:[1] In March, 1975, John and Elizabeth McGowan ("the debtors") borrowed $36,250 from Continental Bank for which they gave the Bank a note cosigned by Jay Vending, Inc. ("Jay"). The money borrowed was used by the debtors to open a bar, and the loan was secured by a mortgage on the bar property and on the debtors' residence, as well as by a security interest in the bar's liquor license. In November, 1976, the loan was refinanced, again with Jay as cosigner, in the amount of $34,769.15.

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

Beginning in January, 1978, the debtors failed to make the monthly $548.00 payments due on the loan, whereupon Jay paid off the balance of the money owed to Continental Bank in December, 1978, and took an assignment of the mortgages and security interest. In April, 1979, foreclosure proceedings were begun by Jay on the mortgage of the residential property owned by the debtors. A complaint and confession of judgment were filed in April, judgment was entered in May, and a writ of execution thereon was then filed. The debtors immediately filed a petition under Chapter XIII of the Bankruptcy Act. That petition was subsequently voluntarily dismissed and a new petition was filed under Chapter 13 of the Bankruptcy Code.[2]

Jay subsequently filed a complaint (and an amended complaint) seeking relief from the automatic stay. This was denied by us in an opinion dated September 22, 1980. *See In re McGowan*, 6 B.R. 241 (Bkrtcy.E.D. Pa.1980). Subsequent to that action, the trustee sold the liquor license valued at $10,000 and the bar property valued at $2,000, thus reducing the amount of Jay's claim, which is secured by a mortgage on the debtors' residence, to $22,900.

The debtors filed an amended plan on November 28, 1980, providing, *inter alia*,

1. Debtors propose to pay $150 a month under their chapter 13 plan to Jay Vending on account of their secured claim in the amount of $22,900.
2. While debtors are making payments on account of this allowed secured claim they will be seeking long term financing so that the entire claim of $22,900 can be paid in full within the three year plan.

Jay objected to the confirmation of that plan, arguing that it should not be confirmed because it was not proposed in good faith as required by § 1325(a)(3) and that said plan does not provide for payment of the full amount of Jay's secured claim in accordance with § 1325(a)(5)(B)(ii). Jay also contends that the debtors will be un-

able to comply with the plan as required by § 1325(a)(6).

Because it does not appear to us that the debtors will be able to comply with the second provision of the plan (above), we will deny confirmation. Section 1325 of the Code sets forth the requirements for a chapter 13 plan, and subsection (a) of that section provides that the court shall confirm a plan if:

(6) the debtor will be able to make all payments under the plan and to comply with the plan.

In the legislative history to § 1325, subsection (a)(6) is interpreted to mean that a plan must be feasible in order to be confirmed. *See* S.R. No. 95–989, 95th Cong. 2d Sess. 142 (1978), U.S.Code Cong. & Admin. News 1978, p. 5787.

While we have no reason to believe that the debtors herein will be unable to comply with the first provision of the plan (above) providing for monthly payments of $150, there is no evidence to indicate that the debtors will be able to obtain the necessary financing to enable them to comply with the second provision. In fact, the evidence points to the contrary. The facts of this case show that the debtors were previously unable to obtain financing without the signature of Jay as guarantor. It is now apparent that the debtors are in no better position at this time to obtain a loan than they were before. In fact, their position is worse since the only asset which they have to pledge as collateral for such financing is the property already secured by Jay.

Since the debtors have offered no evidence to show that they will be able to obtain the necessary refinancing, we conclude that it does not appear that they will be able to fund the plan as proposed. We will, therefore, deny confirmation of that plan.

Because we are denying confirmation under § 1325(a)(6), we find it unnecessary to consider the other arguments presented by Jay.

---

2. The Bankruptcy Code superseded the Bankruptcy Act as of October 1, 1979. The Bankruptcy Reform Act of 1978, Pub.L.No. 95–598, 92 Stat. 2683 (1978).