In re J.P. CONSTRUCTION CO., INC., Debtor.

In re Joseph P. RECHIS, Rose Anna Rechis, Debtors.

Bankruptcy Nos. 7–83–00161, 7–83–00449.

United States Bankruptcy Court, W.D. Virginia, Abingdon Division.

Nov. 19, 1985.

Copeland, Molinary & Bieger, Abingdon, Va., for debtors.

United States Attorney's Office for the Western District of Virginia, Roanoke, Va., for I.R.S.

## JOINT MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue in these cases is whether administrative expenses for attorney's fees can be paid under the Debtors' Plans before payment of the claims of the Internal Revenue Service, which filed a notice of a federal tax lien prior to filing of the bankruptcy petitions.

The undisputed facts are as follows: J.P. Construction Co., Inc. filed its Chapter 11 petition on February 7, 1983. The Debtors Joseph and Rose Anna Rechis filed their Chapter 11 petition on April 5, 1983. In each instance, the Internal Revenue Service ("IRS") filed a notice of federal tax lien within ninety (90) days prior to the filing of the bankruptcy petitions. The cases were set for joint hearing on confirmation of the Plans on August 21, 1985. The Plans provide for payment in full of attorney's fees to the Debtors' attorney as an administrative claim prior to payment of the claims of the IRS. The cases were taken under advisement pending submission of memoranda by Counsel in support of their positions.

The IRS contends that its filing of the notice of federal tax lien prior to bankruptcy is valid and that the Debtors are attempting to avoid that lien. It also contends that the administrative expenses of the estate cannot be paid out of assets that are fully secured.

Pursuant to 26 U.S.C. § 6321, the United States has a lien upon "all property and rights to property" of a taxpayer who neglects or refuses to pay a tax for which he is liable. 26 U.S.C. § 6321. The lien imposed by § 6321 arises at the time of assessment and continues until the liability for the amount assessed is satisfied. 26 U.S.C. § 6322; 4 *Collier on Bankruptcy*, ¶ 545.04[3] at 545–21 (15th ed. 1985). This statutory lien becomes valid as against *bona fide* purchasers, holders of a security interest, mechanic's lienors, and judgment lien creditors upon proper filing of notice of the lien. 26 U.S.C. § 6323(a), (f).

■ Section 545 of the Bankruptcy Code outlines the circumstances under which the Trustee may avoid the fixing of a statutory lien on property of the debtor. Section 545(2) provides that such a lien may be avoided if it is not perfected or enforceable at the time of commencement of the case against a *bona fide* purchaser, whether or not such a purchaser exists. In the instant cases, notice of the lien was filed prior to the bankruptcy petitions. Purchasers would therefore be on notice of this lien and it would be enforceable against them. Being properly filed and enforceable, the tax lien would not be subject to avoidance under § 545.

The Debtors in the instant cases have filed petitions under Chapter 11. Under the provisions of 11 U.S.C. § 724(b), it is possible to subordinate tax liens to certain administrative expenses. However, § 724, as part of sub-chapter II of Chapter 7, is expressly made inapplicable to reorganization cases under Chapter 11 by 11 U.S.C. § 103(b). *In re Community Hospital of Rockland County*, 5 B.R. 7 (Bankr.S.D.NY 1979), *aff'd* 5 B.R. 11 (D.C.S.D.NY 1980). There is no provision in a Chapter 11 case for subordinating the position of the IRS, secured by the filing of its lien, or any other secured creditor, to general administrative expenses. *See In re Roamer Linen Supply, Inc.*, 30 B.R. 932 (Bankr.S.D.NY 1983). Accordingly, the administrative claims for attorney's fees in these cases cannot be paid prior to the claims of the IRS.

Nor may § 506(c) be used as a basis for payment of the attorney's fees prior to the secured claim of the IRS. Section 506(c) provides that:

"The Trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim."

■ Under § 506(c), particular charges against a secured creditor's collateral must meet a three-prong test. The expenses must be (1) necessary to preserve or dispose of the property, (2) of benefit to the secured creditor, and (3) reasonable. *In re Bob Grissett Golf Shoppes, Inc.*, 50 B.R. 598, 602 (Bankr.E.D.VA 1985). Fees for general representation of the debtor in bankruptcy proceedings may be paid at the expense of a secured creditor only where it is demonstrated that the secured creditor derived a benefit therefrom. *In re Sonoma*, 24 B.R. 600, 604 (Bankr.App.9th Cir. 1982).

In the memorandum in support of its position, attorney for the Debtors contends that it would be appropriate to allow the attorney's fees ahead of the secured claimant in these cases since the asset upon which the IRS is making a claim, namely accounts receivable, is tied up in litigation and contested. It is argued that without the attorney's efforts, the asset would be of little value to this estate.

■ The evidence before this Court, however, is not sufficient to support a finding that the actions of the Debtors' attorney are of benefit to the IRS as a secured creditor to satisfy the second prong of the *Grissett* test and to come within the provisions of § 506(c). It is recognized that "general administrative costs, overhead, the statutory commissions of the Trustees, and attorneys' fees will generally not be charged against the proceeds of the subject collateral because of the absence of any resulting benefit to the holder of the secured claim." 3 *Collier on Bankruptcy*,

¶ 506.06 at 506–52 (15th ed. 1985). Section 506(c) permits costs to be charged against a secured party only "for acts which directly protect or preserve the collateral in a specified and limited sense." *In re Sonoma, supra,* at 603; *In re Bob Grissett Golf Shoppes, supra,* at 602. This approach is consistent with the decision of the Fourth Circuit in *Textile Banking Company v. Widener,* 265 F.2d 446, 453 (4th Cir.1959), where the court declined to allow the Trustee who elected to sell encumbered property to "encroach upon the amount of the secured debt for the payment of any of the expenses of administration, such as commissions and similar costs."

Accordingly, it is

ADJUDGED and ORDERED that, based on the evidence presented, the secured claim of the IRS in these cases cannot be subordinated to the payment of general attorney's fees as an administrative expense claim. Collateral of a secured creditor may be invaded for administrative expenses to the extent that a specific benefit has been provided to the secured creditor. Accordingly, leave is granted Counsel for Debtors for a period of ten (10) days from entry of this Order within which to file specific, itemized claims for administrative expenses which may be charged against the secured party's collateral. These claims, if filed, will be heard and determined within the guidelines here set forth.

Service of a copy of this Joint Memorandum Opinion and Order shall be made by mail to the respective Debtors; to COPELAND, MOLINARY & BIEGER, Counsel for Debtors; the United States Attorney for the Western District of Virginia; and to the members of the respective Creditors' Committees.