**In re Ralph J. FAZIO, Debtor.**

**Bankruptcy No. 83–03102G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Jan. 30, 1986.

See also, Bkrtcy., 59 B.R. 312.

Alan L. Spielman, Alan L. Spielman, Ltd., Philadelphia, Pa. for debtor, Ralph J. Fazio.

David C. Patten, West Chester, Pa., for objectors, Federal Land Bank of Baltimore and Southeast Production Credit Ass'n.

Allan K. Marshall, Philadelphia, Pa., interim trustee.

OPINION

EMIL F. GOLDHABER, Chief Judge:

Confronted by a fee application submitted by the debtor's counsel, we are faced with the question of whether we may award counsel fees when the assets of the estate are fully encumbered. On the basis of the reasons outlined below we conclude that no award of fees may be made.

We summarize the few pertinent facts of this case as follows:[1] The debtor filed a petition for relief under chapter 11 of the Bankruptcy Code ("the Code"). All of the debtor's assets were then (and are now) fully encumbered. Two mortgagees are the Federal Land Bank of Baltimore and the Southeast Production Credit Association (collectively named hereinafter "the Banks").

The debtor's counsel filed an interim fee application and the Banks objected on the ground that the fee could not be paid from the encumbered collateral or its proceeds. The Banks correctly asserted that the fee application sought fees solely under 11 U.S.C. § 331[2] and not under 11 U.S.C. § 506(c)[3].

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

2. § 331. Interim compensation
   A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court

 Interim compensation to the debtor's counsel and other professionals is expressly authorized under the Code. 11 U.S.C. § 331. On the same issue as confronts us here, the United States Court of Appeals for the Second Circuit has held that counsel fees may not be paid from property of the estate to the extent the property is subject to a security interest. *General Electric Credit Corp. v. Levin & Weintraub (In Re Flagstaff Foodservice Corp.)*, 739 F.2d 73 (2d Cir.1984).[4] As an exception to this rule, the court in *Flagstaff* noted that 11 U.S.C. § 506(c) authorizes payment for fees from encumbered estate property so long as the service for which compensation is sought benefited the secured lender rather than the debtor or other creditors. *Flagstaff*, 739 F.2d at 75–76. Fees may also be paid from encumbered collateral if the secured creditor consents. *Flagstaff*, 739 F.2d at 77.

 In the case at bench the debtor's counsel asserts that the fees he seeks should be paid from the encumbered estate property since the payment sought is for services which aided the Banks (the secured creditors), rather than the debtor or other creditors. We find that the debtor's counsel failed to prove that its services benefited the secured creditors. Counsel made vague overtures concerning services which *may* have generated some benefit to the holders of security interests in estate property, but nothing of sufficient specificity was introduced, and it requires rather strained logic to conclude that the Banks actually benefited from the services of debtor's counsel.

Furthermore, the debtor's counsel failed to indicate in his fee application and accom-

panying notice to creditors that fees were sought under 11 U.S.C. § 506(c). Such minimal notice would seem to be required to inform secured lenders of the nature of the relief sought in the fee application. We will leave until another time the question of whether more particularized notice or process must be sent to secured creditors whose rights are subject to divestiture by the granting of fees under 11 U.S.C. § 506(c).

We will accordingly enter an order denying the application of the debtor's counsel for interim fees.

---

may allow and disburse to such applicant such compensation or reimbursement.
11 U.S.C. § 331.

3.    (c) The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim.

11 U.S.C. 506(c).

4.  *See also, In Re Baum's Bologna, Inc.,* 50 B.R. 689 (Bankr.E.D.Pa.1985) (per Twardowski, B.J.); *In Re American International Airways, Inc.,* 47 B.R. 716 (Bankr.E.D.Pa.1985) (per King, B.J.); Savage, *The Secured Claimholder's Liability for the Costs and Expenses Incurred in Bankruptcy,* 90 Com.Law J. 430 (Oct. 1985).