### In re BIRDSBORO CASTING CORP., Debtor.

Bankruptcy No. 85–05026T.

United States Bankruptcy Court, E.D. Pennsylvania.

Feb. 13, 1987.

Frank S. Poswistilo, Easton, Pa., for debtor, Birdsboro Casting Corp.

Kurt Althouse, Bingaman, Hess, Coblentz & Bell, Reading, Pa., for objector, Meridian Bank (successor to American Bank and Trust Co.).

Frederick L. Reigle, Reading, Pa., trustee.

## OPINION

BRUCE FOX, Bankruptcy Judge:

In this matter, Frank S. Poswistilo, Esquire has filed an Application for Approval

of Counsel Fees as attorney for the debtor in possession for services performed in connection with the debtor's chapter 11 proceeding. Meridian Bank, successor to American Bank and Trust Co., (hereinafter "Bank"), has filed objections to the application. The Bank opposes the application because payment of the administrative claim will come from assets serving as collateral for the Bank's secured claim. Indeed all of the debtor's assets are encumbered. For the reasons set forth below, I will sustain the Bank's objection.

## I.

The debtor, Birdsboro Casting Corp., filed its petition for relief under chapter 11 on November 20, 1985. Less than a month later, the debtor and the Bank entered into a cash collateral stipulation which was approved by this court on February 3, 1986. Generally, the stipulation sets forth the debtor's loan obligations to the Bank. More specifically: the debtor agreed to the lien priority of the Bank; the debtor granted the Bank a senior security interest on all assets acquired subsequent to the filing of the petition; and finally, the stipulation provided that the Bank shall have a superpriority administrative expense with priority over all other costs and expenses of administration. This case was later converted from chapter 11 to a chapter 7. The trustee then agreed to a second cash collateral stipulation on July 2, 1986 and accordingly an order was entered approving this stipulation. Subsequent to the conversion, counsel filed his Application for Approval of Counsel Fee on or about August 28, 1986. Debtor's counsel cited Rule 2016 of the Bankruptcy Code as authority for his application. The Bank filed a timely objection to the request for approval of counsel fees on the basis that the Bank was a secured creditor of the debtor with perfected liens and security interest in *all* assets of the debtor. The only source of funds for the payment of the attorneys' fees in this case is assets which are subject to the liens of the Bank. The Bank does not oppose allowance of the attorneys' fees as an administrative expense. The Bank ar-

gues, however, that attorneys' fees should not be allowed to be paid from assets which are subject to liens held by the Bank until such time as obligations of the debtor to the Bank have been paid in full. At the hearing on this matter, I raised the issue of whether the attorneys' fees for counsel for the debtor were allowable under Section 506(c) of the Bankruptcy Code. Neither party presented any evidence at the hearing.

## II.

Counsel for a debtor under chapter 7, and a debtor in possession under chapter 11 have the right to request interim compensation under 11 U.S.C. § 331. A bankruptcy judge may then approve compensation and direct immediate reimbursement, for Congress intended that counsel need not wait until the case is closed to obtain payment of fees. 2 *Collier on Bankruptcy* § 331.02 (15th ed. 1986) ("Collier"). However, the allowance of a request for interim compensation is discretionary and may be postponed until "all administrative claims are determined and it is ascertained whether proration among such claims is required." *In re The New England Carpet Co.*, 28 B.R. 766, 770 (Bankr.D.Vt.1983). Furthermore, administrative expenses, such as counsel fees, are traditionally charged against the estate, not against secured creditors. *Matter of Trim-X, Inc.*, 695 F.2d 296 (7th cir. 1982); *In re Baum's Bologna, Inc.*, 50 B.R. 689 (Bankr.E.D.Pa.1985). The equitable exceptions to this last principle have been codified in 11 U.S.C. § 506(c).

> Section 506(c) was intended by Congress as a codification of ... the equitable principle that a lienholder may be charged with the reasonable costs and expenses incurred by the debtor, debtor in possession, or trustee which are required to preserve or dispose of the property subject to lien to the extent the lienholder derives a benefit therefrom.

3 Collier ¶ 506.06, at 506–53; *accord, e.g., Matter of Trim-X, Inc.; In re Baum's Bologna, Inc.* Therefore, unless 11 U.S.C.

§ 506(c) applies to counsel's request, I could only approve the awarding of an administrative claim to debtor's attorney under § 503, but would not direct immediate payment. If all the assets of the estate are encumbered, counsel cannot be paid from the Bank's collateral. If unencumbered assets appear at a later date, then claims will be paid in accordance with 11 U.S.C. § 726. *See In re Manchester Hides, Inc.*, 32 B.R. 629, 631 (Bankr.N.D.Iowa 1983).[1]

### III.

■ Before turning to applicability of section 506(c) to a request for counsel fees, two preliminary matters should be addressed briefly. First, the question arises whether counsel for a chapter 7 debtor has standing to seek recourse under § 506(c) for this statutory provision refers only to the rights of the trustee:

(c) The *trustee* may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim. (emphasis added).

Utilizing both 11 U.S.C. § 1107(a) and the legislative history, 124 Cong.Rec. H 11,095 (Sept. 24, 1978), most courts have allowed debtors in possession to use § 506(c). However, counsel for a chapter 7 debtor has been held an improper party under § 506(c). *In re Manchester Hides, Inc.*, 32 B.R. at 633. *Cf. In re Baum's Bologna, Inc.*, 50 B.R. at 690 (standing is assumed *arguendo*). Recently, though, the Third Circuit Court of Appeals has permitted a creditor to seek recovery under § 506(c) because the debtor in possession had no reason to act on the creditor's behalf. *In re McKeesport Steel Castings Co.*, 799 F.2d 91, 94 (3d Cir.1986). Similarly, in the instant case, the trustee has no reason to seek recovery on behalf of the debtor's counsel, and the debtor in possession no

longer exists. Thus, based upon the holding of *McKeesport*, I conclude that the debtor's counsel in a case converted from chapter 11 to chapter 7 does have standing under section 506(c) to seek recovery of costs and expenses.

■ Second, the Bank argues that counsel must be denied recovery under § 506(c) because of his failure to raise the issue in his application. *Accord, In re Fazio*, 57 B.R. 316, 317 (Bankr.E.D.Pa.1984). Certainly, I agree that recovery based upon § 506(c) raises issues far different from those typically involved in fee applications and that notice of an intention to seek payment of an administrative expense from encumbered assets must be sent to the secured creditor. However, here the secured creditor did realize that counsel's request for payment might affect either the payment of its secured claim or the recovery of its collateral, and so objected timely. Moreover, the applicant presented no evidence other than the allegations raised in his application, and has simply argued his right to recovery. Thus, the Bank has suffered no surprise or prejudice by any defect in pleading.[2] For these reasons, I will reject the Bank's argument that this court should not consider the applicability of section 506(c).

### IV.

The attempt by debtor's counsel to seek compensation from wholly encumbered estate assets is not one of first impression. Until recently, the leading case was *In re Flagstaff Foodservice Corp.*, 739 F.2d 73 (2d Cir.1984) (*Flagstaff I*). Since that opinion, the Third Circuit has interpreted section 506(c) less restrictively than the Second Circuit. However, even under the more liberal Third Circuit analysis, debtor's counsel cannot prevail.

---

1. Not only would counsel's administrative priority claim follow the Bank's distribution under 11 U.S.C. § 725, it would also follow the Bank's superpriority claim set forth in the stipulation approved by the court.

2. As will be discussed, *infra,* it is debtor's counsel who bears the burden of proving the entitlement to recovery under section 506(c).

In *McKeesport,* the Court of Appeals cited favorably to the interpretation of § 506(c) set out in *In re AFCO Enterprises, Inc.,* 35 B.R. 512 (Bankr.D.Utah 1938). That court noted that the statute itself states three requirements for recovery:

First, the costs and expenses must have been reasonable and necessary; second, the costs and expenses must have been incurred for the purposes of preserving or disposing of the secured property; and third, any recovery for costs and expenses is limited to the extent of the benefit of the holder of the secured claim.

*Id.* at 514. Of these three elements, the existence of a benefit to the lienholder is the most important, the "linchpin in an award under § 506(c)." *Id.* at 515.[3]

The burden of proving entitlement to recover under section 506(c) rests upon the entity seeking recovery. *See Flagstaff I,* 739 F.2d at 77; *In re Fazio,* 57 B.R. at 317; *In re Baum's Bologna, Inc.,* 50 B.R. at 691. In the instant case, debtor's counsel had the burden of showing that the Bank received a benefit from his services— that is, that the Bank recovered more than it would have but for those services, or that counsel somehow eliminated expenses that the creditor would otherwise have had to bear. *See* 3 Collier ¶ 506.06, at 506–55.

*McKeesport* may be read to disagree with *Flagstaff I* and *In re Flagstaff Foodservice Corp.,* 762 F.2d 10 (2d Cir. 1985) ("*Flagstaff II*"), to the extent that, in this Circuit, one need not show that the "funds were expended primarily for the benefit of the creditor." *Flagstaff II,* 762

F.2d at 12. But the obligation to show a direct benefit to the creditor still remains. *McKeesport,* 799 F.2d at 94–95. Here, the debtor's counsel makes no such showing. No evidence was presented which demonstrated that the Bank benefited from counsel's services. Unlike *McKeesport,* there has been no liquidation at going concern value in this case and thus no apparent benefit to the Bank. Counsel's services were undertaken to improve the position of his client and assist it in reorganizing. Unless counsel can demonstrate some benefit to the Bank from this unsuccessful attempt, "fees and expenses arising from an unsuccessful chapter 11 reorganization will generally not be allowed under § 506(c)." *In re Baum's Bologna, Inc.,* 50 B.R. at 692; *accord e.g., Flagstaff I; In re Manchester Hides, Inc.; In re New England Carpet Co.* Since counsel made no such showing, no recovery under § 506(c) is permitted.

## V.

As I will not award debtor's counsel any interim fees from the estate's encumbered assets, I need not pass upon the reasonableness of the fees sought at this time. Counsel is free to resubmit his application for fees prior to the closing of the case if the trustee will be making distribution to priority creditors under 11 U.S.C. § 726. This court can decide the resonableness of the fee request at that time.

## ORDER

AND NOW, this 13 day of February, 1987, upon consideration of the request of debtor's counsel for attorney's fees and the

---

**3.** Occasionally, the requirements are rephrased slightly. *See, e.g., In re J.P. Construction Co.,* 54 B.R. 895, 897 (Bankr.W.D.Va.1985). More important, the existence of the requirements may be presumed if the secured party consents to recovery under § 506(c). *See* 3 Collier, ¶ 506.-06, at 506–68; *Matter of Trim-X, Inc.,* 695 F.2d 296, 302 (7th Cir.1982). While consent may be implied, "'such consent is not to be lightly inferred.'" *Flagstaff I,* 739 F.2d at 77, (*quoting In re S & S Industries, Inc.,* 30 B.R. 395, 398 (Bankr., E.D.Mich.1983)). Implied consent is limited to those situations in which the creditor

has caused additional expenses to the estate, such as by requesting the appointment of a trustee. *See In re Flagstaff Foodservice Corp.,* 762 F.2d 10, 12 (2d Cir.1985) (*Flagstaff II*). Simply cooperating with the debtor in possession or stipulating to the use of cash collateral does not imply consent for recovery under section 506(c). *Flagstaff I* (postpetition financing agreement); *In re The New England Carpet Co.,* 28 B.R. 766 (Bankr.D.Vt.1983) (use of cash collateral). Here, no evidence of express or implied consent was offered by debtor's attorney.

objection of Meridian Bank thereto, it is ORDERED that the objection is SUSTAINED and the request for fees is DENIED.