**In re TYGART INDUSTRIES, INC., Debtor,**

**and**

**Union National Bank.**

Civ. A. No. 90–669.
Bankruptcy No. 83–2553.

United States District Court,
W.D. Pennsylvania.

Sept. 18, 1991.

148

M. Bruce McCullough, Joseph S. Sisca, Buchanan Ingersoll, P.C., Pittsburgh, Pa., for Union Nat. Bank.

David W. Lampl, Pittsburgh, Pa., for Tygart Industries.

Bernhard Schaffler, Schaffler and Bohm, Pittsburgh, Pa., for Official Committee for Unsecured Creditors.

## MEMORANDUM OPINION

LEE, District Judge.

This is an appeal by Union National Bank (UNB) from an Order of the Bankruptcy Court entered on April 3, 1990 upon the motion of the Committee of Unsecured Creditors of Tygart Industries, Inc. (Committee), authorizing the retention of an accountant to prepare Tygart Industries, Inc.'s (Tygart) past due income tax returns. The Committee of Unsecured Creditors of Tygart Industries, Inc. (Committee) and Union National Bank (UNB) have filed briefs on the matter and argument was held in open court on March 1, 1991.

On November 30, 1983, Tygart Industries, Inc. (Tygart) filed a petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code. Schedules were filed on January 24, 1984, acknowledging the existence of a secured claim by UNB in the amount of $5,100,000.00. In 1985, the Bankruptcy Court granted the Committee authority to file preference actions, pursuant to 11 U.S.C. § 547, on behalf of Tygart. As a result of such actions, in excess of $300,000.00 is presently maintained by Tygart in an escrow account at UNB (the Account Funds). UNB claims that its perfected security interest in Tygart's assets extends to the Account Funds.

On or about December 1, 1988, UNB filed a proof of claim to accurately reflect the amount owed by Tygart, which, as a result of various recoveries, was less than that set forth in Tygart's Schedules, but the debt was still in excess of $2,000,000.00. Such claim was designated Claim No. 137. The Committee filed Objections to Claim No. 137 on November 3, 1989.[1]

Because the Committee determined Tygart had failed to file income tax returns for its fiscal years ending May 31, 1983, 1984, 1985, 1986, 1987, 1989, and for a

---

1. As a result of UNB's failure to appear for a pretrial conference, the Bankruptcy Court entered an order disallowing Claim No. 137. The Bankruptcy Court denied UNB's motion to reconsider, and UNB appealed to this Court. On August 19, 1991, this Court vacated the denial of Claim No. 137 by the Bankruptcy Court in its Order of January 8, 1990, and the denial of UNB's Motion for Reconsideration by the Bankruptcy Court in its Order of March 3, 1990, and remanded such that UNB would be afforded the opportunity to respond to the Committee's objections to Claim No. 137 and have the issue decided on its merits. 139 B.R. 145.

short period after May 31, 1989, the Committee filed a motion requesting authority to retain the accounting firm of Iwanyshyn, Kesich & Hileman (IKH) to prepare Tygart's overdue tax returns and authority to pay IKH a retainer of ten thousand ($10,000.00) dollars from the Account Funds. UNB filed a response, objecting to such motion.

After a hearing on April 3, 1990, the Bankruptcy Court granted the Committee's motion stating:

> "If UNB is secured, a tax return need be filed. If UNB is unsecured, a tax return be filed (sic). If UNB plays no part in this case we still need a tax return."

*Transcript of Hearing*, April 3, 1990, Page 6.

UNB appealed the Order of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a) and Bankruptcy Rule 8001. UNB contends on appeal that ·the legal conclusions of the Bankruptcy Court are erroneous, it being well established that a secured creditor's collateral may not be utilized for expenses which do not benefit that creditor unless such creditor consents to the expenditures. We agree.

■ The general rule is that when assets of an estate are fully encumbered, administrative expenses may not be paid from those assets. *General Electric Credit Corp. v. Levin & Weintraub* (In re Flagstaff Foodservice Corp.), 739 F.2d 73 (2d Cir.1984), *In re Winslow Center Associates*, 57 B.R. 317, 318 (Bkrtcy.E.D.Pa.1986), *In re Birdsboro Casting Corp.*, 69 B.R. 955, 957 (Bkrtcy.E.D.Pa.1987). The equitable exception to this principle has been codified in 11 U.S.C. § 506(c),[2] which authorizes payment of fees from encumbered estate property so long as the service for which compensation is sought benefits the secured lender rather than the debtor or other creditors. *Flagstaff*, 739 F.2d at 75–76. Fees may also be paid from encum-

bered collateral if the secured creditor consents.[3] *Flagstaff*, 739 F.2d at 77.

The Third Circuit has interpreted Section 506(c) less restrictively than the Second Circuit. In *In re McKeesport ·Steel Castings Co.*, 799 F.2d 91, 94 (3rd Cir.1986), the Third Circuit cited to the broader interpretation of Section 506(c) adopted in *In re Afco Enterprises, Inc.*, 35 B.R. 512 (Bkrtcy.D.Utah 1983). The court in *Afco* noted three requirements, for the payment of expenses, which are contained in the statute itself. "First, the costs and expenses must have been reasonable and necessary; second, the costs and expenses must have been incurred for the purposes of preserving or disposing of the secured property; and third, any recovery for costs and expenses is limited to the extent of the benefit of the holder of the secured claim." *Afco*, 35 B.R. at 514. The existence of a benefit to the lienholder was found to be the most important of the three elements. *Afco*, 35 B.R. at 515.

The Court in *Birdsboro*, in its reading of *McKeesport*, determined that in the Third Circuit it is not necessary to show that the expenditures were made primarily for the benefit of the creditor, but one must show a direct benefit to the creditor. *In re Birdsboro Casting Corp.*, 69 B.R. at 959; *In re McKeesport Steel Castings Co.*, 799 F.2d at 94–95. In order for expenditures to be made in the instant case, therefore, the Committee must present evidence to demonstrate a direct benefit to the secured creditor. There is no evidence of such found in the record below.

■ Because UNB's claim No. 137 is in dispute and must be resolved in the Bankruptcy Court, and because there is no evidence that the Committee has met the requirements for payment of fees under 11 U.S.C. § 506(c), the Order of the Bankruptcy Court authorizing the retention of accountants to prepare Tygart's overdue tax returns, and authorizing the payment of a $10,000.00 retainer fee, must be vacated

---

**2.** 11 U.S.C. § 506(c) reads as follows:

The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or

disposing of, such property to the extent of any benefit to the holder of such claim.

**3.** The record is devoid of any evidence of consent on behalf of UNB.

**150**

and remanded for further proceedings. Should UNB be determined to be unsecured in its claims against Tygart, such order may be reinstated. However, should UNB be determined to be secured for the full amount of its claim, the Committee would be obligated to meet the requirements necessary for the payment of administrative expenses as determined in this Circuit.