In re Thomas E. BROWN,
Debtor-Appellant.

Petitioning Creditors, Appellees.

Appeal No. 82–9006.

United State Bankruptcy Appellate Panel
for the First Circuit.

Argued April 15, 1982.
Decided July 8, 1982.

John K. Markey, Boston, Mass., for appellant.

Douglas G. Moxham, Boston, Mass., for Allen Hopkins, et al., appellees.

Before VOTOLATO, Chief Judge, and JOHNSON and GOODMAN, Bankruptcy Judges.

GOODMAN, Bankruptcy Judge.

Thomas E. Brown, Debtor, appeals from the denial of his motion to dismiss the involuntary petition in bankruptcy brought against him on April 16, 1980 by Allen J. Hopkins, D.S. Woodbury Company, and Chinook Realty Trust pursuant to 11 U.S.C. § 303.

The parties stipulated that on April 16, 1980, Brown owed money to thirteen creditors, including Hopkins and D. S. Woodbury Company, for goods sold or services rendered. The stipulation further stated that

seven creditors' debts were paid *after* April 16th.[1] The trial court concluded that ten of Brown's eighteen creditors received post-petition transfers voidable under 11 U.S.C. § 549. Therefore, pursuant to 11 U.S.C. § 303(b)(2),[2] any single creditor holding a claim of at least $5,000 could file an involuntary petition.[3]

On appeal, Brown argues (1) that the issue of post-petition transfers was not raised below, and, therefore, should not have been considered by the trial court; (2) that the trial court failed to make a necessary finding of fact, *i.e.*, that *property of the estate* was transferred, and (3) that the trial court's decision was clearly erroneous.[4]

Brown's answer to the creditors' involuntary petition alleged, *inter alia*, that Chinook Realty Trust was not qualified under 11 U.S.C. § 303(b)(1) to file an involuntary petition against Brown, and that Brown had more than twelve creditors. In his opening statement at trial, counsel for Hopkins and Chinook Realty Trust said

The factual matters that we will intend to offer for your Honor this afternoon are that Brown generally was not paying his debts as they became due; *that Mr. Brown had fewer than twelve creditors for the purpose of Section 303(b)(2) of the Bankruptcy Act*; and that the status of Chinook Realty Trust is such that it is the holder of a claim which is not contingent as to liability.

(Emphasis added). Section 303(b)(2)[5] excludes as qualifying creditors any holder of a claim who received a transfer voidable under 11 U.S.C. § 549 (*i.e.*, a post-petition

---

1. The involuntary petition was filed with the bankruptcy court on April 17, 1980.

2. 11 U.S.C. § 303(b)(2) states:
   (b) An involuntary case is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—

   . . . . .

   (2) if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title, by one or more of such holders that hold in the aggregate at least $5,000 of such claims. . . .

3. The parties stipulated that Allen Hopkins was owed an amount in excess of $200,000.

4. On appeal, no party disputes that if the post-petition transfers were transfers of property of the estate, then the trial court correctly concluded that said transfers were voidable under section 549. Not having been raised on appeal, that issue is waived, and we express no opinion thereon.

5. See Note 2, *supra*.

transfer). Evidence relevant to the issue of post-petition transfers was presented without objection. Thus, we conclude that the parties raised the issue of compliance with section 303(b)(2) before the trial court without objection—Brown may not now complain because the bankruptcy judge ruled thereon.

█ Brown next contends that the trial court failed to *specifically* find that the post-petition transfers to creditors were transfers of *property of the estate*, a necessary condition for transfers to be voidable under section 549(a).[6] Thus, Brown argues, the court failed to "find the facts specially" as required by Bankruptcy Rule 752(a). *See* Bankruptcy Rule 914 (Rule 752 applies in contested matters). Brown relies upon *Alpha Distributing Co. of California, Inc. v. Jack Daniel Distillery,* 454 F.2d 442, 453 (9th Cir. 1972) for the proposition that findings of fact should be explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision. That case goes on to state that where a full understanding of the issues can be reached without the aid of findings, an appellate court need not remand a judgment because of the trial court's failure to comply fully with Fed.R.Civ.P. 52(a) (requiring findings of fact). *Id.; see Boston and Maine Corp. v. First National Bank of Boston,* 618 F.2d 137, 143 (1st Cir. 1980). Thus, even assuming that the court did not fully comply with Bankruptcy Rule 752(a),

it is clear that the trial court concluded that *estate* property was, in fact, transferred. Where, as here, facts which will support the judgment can be inferred from the facts specifically found, an appellate court will deem that such inferences were drawn. *See Zimmerman v. Montour Railroad Co.,* 296 F.2d 97, 98 (3d Cir. 1961) *cert. denied* 369 U.S. 828, 82 S.Ct. 845, 7 L.Ed.2d 793.

█ Finally, Brown contends that the record contains no evidence to support a finding that *estate* property was transferred. The trial court's finding will be upheld on appeal unless it is clearly erroneous. Rule 16, First Circuit Rules Governing Appeals From Bankruptcy Judges to District Courts and Appellate Panels; Bankruptcy Rule 752(a); *In re Garland Corp.,* 6 B.R. 456, 461, 3 C.B.C.2d 24, 28 (Bkrtcy. 1st Cir. 1980). The parties stipulated that seven of the debts in question were Brown's, and that those debts were paid after April 16, 1980. Brown offered no evidence to prove that the bills were paid with other than estate property. This evidence is sufficient to support the trial court's finding.

Judgment affirmed.

---

6.  11 U.S.C. § 549(a) provides:

Except as provided in subsections (b) and (c) of this section, the trustee may avoid a transfer of property of the estate—
(1) that occurs after the commencement of the case; and

(2)(A) that is authorized under section 303(f) or 542(c) of this title; or
  (B) that is not authorized under this title or by the court.