### In re WINSLOW CENTER ASSOCIATES, Debtor.

### Bankruptcy No. 82–00020G.

United States Bankruptcy Court, E.D. Pennsylvania,

Jan. 30, 1986.

---

David S. Fishbone, Ciardi, Fishbone & DiDonato, Philadelphia, Pa., for debtor, Winslow Center Associates.

Robert H. Levin, Adelman, Lavine, Krasny, Gold & Levin, Philadelphia, Pa., for trustee, Jerome Blum.

Marjorie O. Rendell, Duane, Morris & Heckscher, Philadelphia, Pa., for Provident Mut. Life Ins. Co., secured creditor.

Leonard P. Goldberger, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for Committee of Equity Sec. Holders.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The issue for decision is whether we should grant an application of a debtor-partnership for the employment of an accountant to prepare the debtor's tax records although all of the debtor's assets are fully encumbered. Since we find that the accountant's services would not protect or enhance the value of the encumbered property, but would solely benefit the individual partners of the debtor, we will deny the application.

The facts of this case are as follows:[1] Several years ago the debtor-partnership filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code"). All the debtor's assets are now fully encumbered by a security interest held by Provident Mutual Life Insurance Company ("Provident"). In light of the encumbered state of the assets, the debtor has moved for dismissal of the case and no opposition to the motion has been interposed. Nonetheless, prior to the dismissal, the debtor would have us grant its pending motion for the further employment of an accountant to prepare the debtor's financial statements and final tax returns.

When assets of the estate are fully encumbered, the general rule is that administrative expenses may not be paid from those assets. *General Electric Credit Corp. v. Levin & Weintraub* (In Re Flagstaff Foodservice Corp.), 739 F.2d 73 (2d Cir.1984); *In Re Fazio*, 57 B.R. 316 (Bankr. E.D. Pa. 1986). As an exception to this rule, the court in *Flagstaff* noted that 11 U.S.C. § 506(c),[2] authorizes payment of fees from encumbered estate property so long as the service for which compensation is sought benefited the secured lender rather than the debtor or other creditors. *Flagstaff*, 739 F.2d at 75–76. Fees may also be paid from encumbered collateral if the secured creditor consents. *Flagstaff*, 739 F.2d at 77.

In the case at bench the preparation of the debtor's financial statement and tax forms will not benefit the secured lender. The accountant's intended services will simply benefit the partners of the debtor since the profits or losses of a partnership flow

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

2. § 506. Determination of secured status
   (c) The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim.
   11 U.S.C. § 506(c).

through to the partners. The burden of paying for the accountant should justifiably fall on the partners and not on the secured lender and the Code squarely supports this conclusion.

We will accordingly enter an order denying the debtor's application for the further employment of an accountant. Since there now appears to be no impediment to the dismissal of this case, we will grant the trustee's motion for that relief.