**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP Nos.  CC-18-1075-FLS |
| HOAG URGENT CARE-TUSTIN, INC.; CYPRESS URGENT CARE, INC.; HOAG URGENT CARE-ANAHEIM HILLS, INC.; HOAG URGENT CARE-HUNTINGTON HARBOUR, INC.; HOAG URGENT CARE-ORANGE, INC.; LAGUNA-DANA URGENT CARE, INC., | Bk. Nos.  8:17-bk-13077-TA<br>8:17-bk-13078-TA<br>8:17-bk-13079-TA<br>8:17-bk-13080-TA<br>8:17-bk-13089-TA<br>8:17-bk-13090-TA |
| Debtors. | |
| HOAG URGENT CARE-TUSTIN, INC.; CYPRESS URGENT CARE, INC.; HOAG URGENT CARE-ANAHEIM HILLS, INC.; HOAG URGENT CARE-HUNTINGTON HARBOUR, INC.; HOAG URGENT CARE-ORANGE, INC.; LAGUNA-DANA URGENT CARE, INC., | |
| Appellants, | |
| v. | **MEMORANDUM**[*] |
| OPUS BANK, | |
| Appellee. | |

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Argued and Submitted on September 27, 2018
at Los Angeles, California

Filed – October 11, 2018

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Theodor C. Albert, Bankruptcy Judge, Presiding

———

Appearances:    Ashley M. McDow of Foley & Lardner LLP argued on behalf of appellants Cypress Urgent Care, Inc. and Laguna-Dana Urgent Care, Inc.

———

Before: FARIS, LAFFERTY, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

Debtors Hoag Urgent Care - Tustin, Inc., Hoag Urgent Care - Anaheim Hills, Inc., Hoag Urgent Care - Huntington Harbour, Inc., Hoag Urgent Care - Orange, Inc., Cypress Urgent Care, Inc., and Laguna-Dana Urgent Care, Inc. (collectively, "Debtors") appeal the bankruptcy court's denial of their motion to extend the exclusivity period to file their chapter 11[1] plan.

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

The bankruptcy court's order is not a final, appealable order. We also deny the Debtors leave to appeal because this appeal is moot. Therefore, we DISMISS this appeal for lack of jurisdiction.

## FACTUAL BACKGROUND[2]

### A. The Motion to Extend

On August 2, 2017, the Debtors filed chapter 11 bankruptcy petitions. The bankruptcy court approved joint administration of the six Debtors' cases.

Under § 1121(b), the 120-day period during which only the Debtors could file a plan (the "exclusivity period") expired on November 30, 2017.

The following afternoon, the Debtors filed a motion to extend the exclusivity period ("Motion to Extend") to March 31, 2018 pursuant to § 1121(d)(1). They did not address the tardiness of their motion.

Creditor Opus Bank objected on the basis that the Motion to Extend was untimely. It argued that a motion to extend the exclusivity period must be filed before that period expires.

In their reply, the Debtors for the first time asserted that their counsel was prepared to file the Motion to Extend electronically by midnight on November 30. However, they realized too late that the bankruptcy court's

---

[2] The Debtors' recitation of facts and excerpts of record are incomplete. We have exercised our discretion to review the bankruptcy court's docket, as appropriate. *See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

CM/ECF electronic filing system was undergoing a planned outage from 1:00 pm until 8:30 am the following morning. Thus, they were unable to file the Motion to Extend until the following day. They claimed that the outage was "unanticipated"[3] and that a "technical failure" of CM/ECF allowed them to file upon the resumption of service.

Opus Bank filed a surreply, arguing that the Debtors could have filed the Motion to Extend manually while the electronic filing system was unavailable. It also represented that, during the two weeks before the expiration of the exclusivity period, the bankruptcy court sent at least four prior notifications of the planned outage that the three attorneys representing the Debtors, all of whom are CM/ECF users, should have received. It further pointed out that the client's declaration was not dated until December 1, which belied the Debtors' explanation that the Motion to Extend was ready to file on November 30.

The bankruptcy court held a hearing on the Motion to Extend. It was skeptical of the Debtors' explanation of events, but ordered supplemental briefing. After a continued hearing, the court issued an order denying the Motion to Extend ("Order"). Citing out-of-circuit cases, it held that Rule 9006(b)(1) cannot extend a statutory deadline for excusable neglect after the

---

[3] The Debtors' counsel attached a copy of an e-mail received from the bankruptcy court that advised users of the CM/ECF system upgrade beginning at 1:00 pm. The e-mail was received by counsel at 7:01 am on November 30, 2017.

deadline has passed. Rather, it adopted the "majority rule" that Rule 9006(b) does not apply to untimely filings under § 1121(d).

Because the bankruptcy court determined that it had no discretion to grant the untimely motion, it declined to reach the question whether the Debtors' neglect was "excusable" or constituted "cause."

The Debtors filed a timely notice of appeal from the Order.

**B.    Other relevant events**

The Debtors failed to apprise the Panel of numerous significant events.

First, the Debtors filed a plan while the Motion to Extend was pending. As far as the bankruptcy court's docket shows, the court never approved a disclosure statement for that plan and never confirmed it.

Second, on June 29, 2018, the bankruptcy court converted to chapter 7 the cases of four of the Debtors: Hoag Urgent Care - Tustin, Inc., Hoag Urgent Care - Anaheim Hills, Inc., Hoag Urgent Care - Huntington Harbour, Inc., Hoag Urgent Care - Orange, Inc. (collectively, "Hoag Debtors").

Third, the remaining chapter 11 debtors, Cypress Urgent Care, Inc. and Laguna-Dana Urgent Care, Inc. (collectively, "Chapter 11 Debtors"), filed another plan on August 8.

Fourth, no one other than the Debtors has ever filed a plan.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1).

We must satisfy ourselves that we have jurisdiction to consider this appeal, even if no party raises the issue of our jurisdiction. *See Ozenne v. Chase Manhattan Bank (In re Ozenne)*, 841 F.3d 810, 814 (9th Cir. 2016) ("Generally, a federal court must first determine whether it has jurisdiction before reaching the merits of a case." (citation omitted)); *Williamson v. UNUM Life Ins. Co. of Am.*, 160 F.3d 1247, 1250 (9th Cir. 1998) ("The issue of appellate jurisdiction must always be resolved before the merits of an appeal are examined or addressed." (citation omitted)).

**A.     The Order is not a final, appealable order.**

We may only review "final judgments, orders, and decrees[.]" 28 U.S.C. § 158(a)(1). We generally lack jurisdiction to hear appeals from interlocutory orders. *See Giesbrecht v. Fitzgerald (In re Giesbrecht)*, 429 B.R. 682, 687 (9th Cir. BAP 2010).

The Order challenged in this appeal merely declined to adjust a deadline. Such orders are generally not appealable. *See Travers v. Dragul (In re Travers)*, 202 B.R. 624, 625 (9th Cir. BAP 1996) (stating that the appeal is interlocutory because "the order allowing an extension of the filing deadline determined only an intervening matter of the Plaintiffs' claims against the Debtor"); *Heavrin v. Schilling,* Case No. 3:13-CV-6-S, 2013 WL

3166175, at *2 (W.D. Ky. June 20, 2013) ("From a functional standpoint, there is nothing final in an order which extends a deadline. Indeed, the extension of a deadline is antithetical to the completion of a proceeding."); *In re Plaza Family P'ship*, 95 B.R. 166, 170 (E.D. Cal. 1989) ("[A]n order shortening time is not a final order and therefore not appealable"). The Order denying the Motion to Extend is not final and appealable.

The Debtors contend that appellate jurisdiction exists under 28 U.S.C. § 158(a)(2), which provides that we have jurisdiction over appeals "from interlocutory orders and decrees issued under section 1121(d) of title 11 **increasing or reducing** the time periods referred to in section 1121 of such title[.]" (Emphasis added.)

The plain language of section 158(a)(2) does not support the Debtors' argument. The Order neither extended nor reduced the exclusivity period; it simply left the exclusivity period unaltered.

The Debtors argue that we should not read the statute or the Order literally. They contend that the Order denying the Motion to Extend was "a de facto reduction of the exclusivity period, in that the Debtors were prevented from filing either a chapter 11 plan of reorganization or a motion to extend the exclusivity period on the 120th day of exclusivity." This argument is unpersuasive. We must read jurisdictional statutes narrowly and cannot expand them beyond what Congress intended. *See Kucana v. Holder*, 558 U.S. 233, 252 (2010) ("A statute affecting federal jurisdiction

'must be construed both with precision and with fidelity to the terms by which Congress has expressed its wishes.'" (citation omitted)); *Patrickson v. Dole Food Co.*, 251 F.3d 795, 804 (9th Cir. 2001), *aff'd in part, cert. dismissed in part*, 538 U.S. 468 (2003) ("[F]ederal courts must be hesitant 'to expand the jurisdiction of the federal courts through a broad reading of jurisdictional statutes.'" (citation omitted)).

This Panel has noted (in dicta) that "[e]xclusivity adjustments are unique among bankruptcy appeals because they comprise the sole category of interlocutory orders that may be appealed as of right. All other interlocutory orders (**including refusals to adjust exclusivity**) require leave of court to have interlocutory appellate review." *Official Committee of Unsecured Creditors v. Henry Mayo Newhall Mem'l Hosp. (In re Henry Mayo Newhall Mem'l Hosp.)*, 282 B.R. 444, 448 (9th Cir. BAP 2002) (citations omitted) (emphasis added). A district court has so held. In *Ahern Rentals, Inc. v. Goldman Sachs Palmetto State Credit Fund, L.P. (In re Ahern Rentals, Inc.)*, No. 3:12-CV-0676-LRH-VPC, 2013 WL 150489, at *2 (D. Nev. Jan. 14, 2013), the district court held that 28 U.S.C. § 158(a)(2) did not confer appellate jurisdiction where the bankruptcy court only declined to extend the exclusivity period:

> the bankruptcy court's denial of the motion is not an order "reducing" the exclusivity time periods under Section 158(a)(2) because the order did not reduce the statutorily identified 120-day or 180-day time periods. Instead, the bankruptcy court's

order simply operated as a refusal to extend the exclusivity periods. In the Ninth Circuit, refusals to adjust the exclusivity periods constitute interlocutory orders under Section 158(a)(3), which require leave of court prior to filing the appeal.

*In re Ahern Rentals, Inc.*, 2013 WL 150489, at *2.

The Order denying the Motion to Extend did not increase or reduce the 120-day exclusivity period. It merely declined to extend the period. The bankruptcy court's Order was thus interlocutory and not appealable.

We have discretionary power to consider appeals from interlocutory orders. *See* 28 U.S.C. § 158(a)(3); *Bertain v. Mitchell (In re Bertain)*, 215 B.R. 438, 441 (9th Cir. BAP 1997) ("[W]e may, at our discretion, grant leave to appeal an interlocutory order."). The *Ahern Rentals* court instructs that, "[w]hen an appeal is improper because a party failed to file the requisite motion for leave to appeal, a district court is limited to three options: (1) grant leave to appeal; (2) direct that a motion for leave to appeal be filed; or (3) deny leave to appeal, but in doing so the district court must consider the notice of appeal as a motion for leave to appeal." 2013 WL 150489 at *2.

We choose the third option: we will treat the notice of appeal as a motion for leave to appeal. 28 U.S.C. § 1292(b) provides that leave is appropriate only where the underlying order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially

advance the ultimate termination of the litigation." But even though we have discretionary power to hear interlocutory appeals, we have no power to consider moot appeals. As the following section explains, this appeal is moot. We thus deny leave to appeal.

## B.    This appeal is moot.

If we cannot grant effective relief to the Debtors, we must dismiss the appeal as moot. "We cannot exercise jurisdiction over a moot appeal." *Ellis v. Yu (In re Ellis)*, 523 B.R. 673, 677 (9th Cir. BAP 2014) (citing *United States v. Pattullo (In re Pattullo)*, 271 F.3d 898, 900 (9th Cir. 2001); *GTE Cal., Inc. v. FCC*, 39 F.3d 940, 945 (9th Cir. 1994)). "A case is moot if it has lost its character as a present live controversy. If events subsequent to the filing of an appeal moot the issues presented in a case, no justiciable controversy is presented. This court has no jurisdiction to hear a case that cannot affect the litigant's rights." *Allard v. DeLorean*, 884 F.2d 464, 466 (9th Cir. 1989) (citations omitted); *see Pilate v. Burrell (In re Burrell)*, 415 F.3d 994, 998 (9th Cir. 2005) ("A case is moot if the issues presented are no longer live and there fails to be a 'case or controversy' under Article III of the Constitution."). Determining constitutional mootness turns on whether "the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in [its] favor." *In re Burrell*, 415 F.3d at 998.

10

Even though Opus Bank has not participated in this appeal,[4] we address the issue of mootness sua sponte, "because, if 'events change such that the appellate court can no longer grant "any effectual relief whatever to the prevailing party," any resulting opinion would be merely advisory,' and the court would lack subject matter jurisdiction." *United States v. Sprint Commc'ns, Inc.*, 855 F.3d 985, 989 (9th Cir. 2017) (quoting *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 628 (9th Cir. 2016)); *see In re Ellis*, 523 B.R. at 677 ("If an issue becomes moot while the appeal is pending, an appellate court must dismiss the appeal.").

---

[4] On May 25, 2018, counsel for Opus Bank informed the BAP that it would not file an answering brief but requested leave to appear at oral argument. The BAP motions panel responded in no uncertain terms that Opus Bank would not be allowed to appear at argument if it did not file an answering brief. It permitted Opus Bank to file an answering brief by July 30. On August 3, counsel for Opus Bank informed the BAP that it would not submit an answering brief.

Nevertheless, two days before oral argument in this matter, counsel for Opus Bank submitted a letter, arguing that this case was moot for the same reasons we discuss in the text. He also filed a notice of appearance and offered to appear at oral argument and answer the Panel's questions, despite the motions panel's earlier admonition that Opus Bank could not appear unless it filed a brief.

Counsel's letter was unauthorized and improper. He knew all of the pertinent facts well before the July 30 deadline to file an answering brief: (1) the fact that no one proposed a plan within the extended exclusivity period that the Debtors requested, and (2) the conversion of the Hoag Debtors' cases to chapter 7. He consciously chose to remain silent on these pertinent (and dispositive) issues and forced us to research the legal issues and scour the bankruptcy court's dockets independently. Because Opus Bank's counsel decided that it was not worth his time to apprise us of the facts and arguments in the normal course, counsel's letter was useless to us and we did not allow counsel to argue at oral argument.

This appeal is moot as to all of the Debtors.

**1.     No one can file a plan in the Hoag Debtors' cases because they are no longer chapter 11 debtors.**

On June 29, 2018, the bankruptcy court granted the Hoag Debtors' request to convert their chapter 11 case to one under chapter 7. Accordingly, an extension of the exclusivity period would be meaningless, because no one can file a chapter 11 plan in a chapter 7 case. Their appeal is moot.

**2.     There is no live controversy concerning the Chapter 11 Debtors' exclusive right to propose a plan.**

The remaining Chapter 11 Debtors' appeal is also moot. The Chapter 11 Debtors sought an extension of the exclusivity period to March 31, 2018. The only effect of the denial of the Motion to Extend was to permit other parties in interest to file their own plans before that date. But that date passed months ago, and no one other than the Debtors has ever proposed a plan. Even if the bankruptcy court should have extended the exclusivity period to March 31, 2018, it would make no difference. "An unqualified expiration of exclusivity probably would be an event that renders it impossible to fashion effective relief." *In re Henry Mayo Newhall Mem'l Hosp.*, 282 B.R. at 450; *see id.* at 449 ("Exclusivity orders are inherently transitory and are easily mooted either by the passage of time or by the occurrence of further events that make it impossible to fashion effective

12

appellate relief.").

At oral argument, counsel for the Debtors argued that the appeal is not moot because, if we reverse the Order, the Chapter 11 Debtors could seek a further extension of the exclusivity period and prevent creditors from filing plans in the future. We decline the invitation to speculate that (1) upon remand, the Chapter 11 Debtors could file a motion to extend the exclusivity period even though the time extension that they requested has long since expired, and (2) the bankruptcy court would grant that motion. We will not issue an advisory opinion on the off chance that someone might file a competing plan in the undefined future.

Accordingly, there is no "justiciable controversy," and the outcome of this appeal would not "affect the litigant[s'] rights."

## CONCLUSION

Therefore, we DISMISS this appeal.