### In re Jon S. WILSON.

### Bankruptcy No. B–93–50034 C–11W.

United States Bankruptcy Court,
M.D. North Carolina,
Winston–Salem Division.

March 24, 1994.

William B. Sullivan and Aaron J. Kramer, Womble Carlyle Sandridge & Rice, Winston–Salem, NC, for Cook Companies.

Charles M. Ivey, III, and Lillian H. Pinto, Ivey, Ivey, McClellan and Gatton, Greensboro, NC, for debtor.

*MEMORANDUM OPINION AND ORDER DENYING MOTION OF COOK COMPANIES FOR RELIEF FROM THE AUTOMATIC STAY*

JERRY G. TART, Chief Judge.

This matter came on before the undersigned United States Bankruptcy Judge on January 27, 1994, upon the Emergency Motion of the Cook Companies for Relief from the Automatic Stay ("Motion for Relief"), filed by Cook Group, Inc., Wilson–Cook Medical, Inc., Cook, Inc., Vance Products, Inc., and Sabin Corporation ("Cook Companies") on November 10, 1993; the Objection to the Emergency Motion of the Cook Companies for Relief from the Automatic Stay, filed by Jon S. Wilson ("Debtor") on December 2, 1993; the Brief in Support of Objection to Motion to Lift Stay, filed by the Debtor on December 2, 1993; and the Memorandum in Support of the Emergency Motion of the Cook Companies for Relief from the Automatic Stay, filed by the Cook Companies on December 3, 1993. Sufficient and proper notice of the hearing was given to all parties in interest. William B. Sullivan and Aaron J. Kramer appeared as attorneys of record for the Cook Companies, and Charles M. Ivey, III and Lillian H. Pinto appeared as attorneys of record for the Debtor.

■ The facts underlying this motion are complicated and in dispute. Each party alleges extensive misconduct and bad faith on the part of the other. This Court is unable to recite all the facts of the case here, and it is unnecessary for the Court to resolve such factual issues at this point. Given the great number of motions which come before bankruptcy judges daily, it is important to note that nothing in the federal rules requires those judges to make any specific findings of fact or conclusions of law on any motion except motions for dismissal under F.R.Civ.P. 41(b). *In re Campfire Shop, Inc.,* 71 B.R. 521, 525 (Bankr.E.D.Pa.1987). All that is required is that the bankruptcy judge make the basis of his ruling clear and, thus, reviewable. *Matter of Holtkamp,* 669 F.2d 505, 510 (7th Cir.1982).

■ In *In re Robbins,* 964 F.2d 342 (4th Cir.1992), Chief Judge Ervin enunciated the factors a bankruptcy court is to consider when deciding whether to lift the automatic stay as to pending litigation involving the debtor. The factors are:

(1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary;

(2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and

(3) whether the estate can be protected properly by a requirement that creditors

seek enforcement of any judgment through the bankruptcy court.

*Id.* at 345.

This Court has considered carefully each of these factors in regards to this case and finds that the controlling considerations in the case at bar are judicial economy and the well-being of the Debtor's Chapter 11.

There are two pending non-bankruptcy proceedings involving the Cook Companies and the Debtor. One was filed April 16, 1990, in the United States District Court for the Middle District of North Carolina ("the District Court"), and the other action, for which the Cook Companies brought this motion, was subsequently filed in the state courts of Indiana ("the Indiana litigation").[1] In the original District Court action, the Cook Companies requested a preliminary injunction against the operations of the Debtor's business. That request was denied, and the Cook Companies appealed the decision. The Fourth Circuit upheld the District Court's denial of the injunction. It was while this appeal was pending in the Fourth Circuit that the Cook Companies filed the state action in Indiana.

The Indiana litigation forced the Debtor to neglect his company in order to comply with extensive discovery requests.[2] As a result, the Debtor was faced with the choice of either allowing his company to fail, or seeking protection under the Bankruptcy Code. This Court believes that the Debtor's company would not survive the burden imposed by the Indiana litigation if it were allowed to continue at this time. Lifting the stay at this stage, therefore, would be tantamount to converting the case to Chapter 7.

The litigation in the District Court encompasses many of the same issues pursued in the Indiana litigation, and any issues not included could be added. Furthermore, the litigation in the District Court contains issues not pleaded in the Indiana litigation, and, therefore, lifting the stay to allow the Indiana litigation to proceed would not fully dispose of the matter. It is also important to note that it was the Cook Companies themselves who originally chose the District Court as the venue in which to litigate these issues. The Cook Companies allowed the case in the District Court to lie dormant for over a year, but they now seek an "Emergency" lifting of the stay.

The District Court is not only the original forum of choice by the Cook Companies, but also is much closer to the Debtor's business operations. It is apparent that litigation in the District Court would not cause undue hardship on the Cook Companies.[3] Litigation in Indiana, however, could result in the demise of the Debtor's company. It is unlikely that the Debtor's business, for which he is the sole shareholder, could survive a protracted trial which would require the Debtor to be far away from the operations of his business.

Considering the factos as espoused in *Robbins,* and exercising the discretionary power placed in this court by 11 U.S.C. § 362, it is, therefore

ORDERED that the relief sought by the Cook Companies is hereby denied and judgment is entered for the debtor.

1. The Indiana litigation names the Debtor individually as defendant, while the suit in the District Court was filed against the Debtor's corporation, Wiltek. The transactions and facts at issue, however, are substantially identical in each case.

2. The Debtor has been deposed by the Cook Companies for eleven days, with the transcript taking twelve volumes comprising some 3,000 pages. Four other management personnel of Wiltek have been deposed at least twice. In all, the Cook Companies have taken over forty depositions spanning over 50 days. The months of September and October, 1993, were consumed with discovery by the Cook Companies during which twenty-three depositions, comprising close to 4,000 pages of transcripts, took place at locations from California to Connecticut.

3. Not only did the Cook Companies originally choose the Middle District of North Carolina in which to file, but also there is a cross-discovery order between the two cases. Therefore, the preparation for the trial in Indiana will be utilized in any litigation in the original forum chosen.